■ ROBERT KNUDSEN et al., Appellants, v PENTZIEN, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. PIN OAK CONSTRUCTION, INC., Third-Party Defendant-Respondent. [619 NYS2d 192] —Mikoll, J. P. Appeal from an order of the Supreme Court (Connor, J.), entered October 1, 1993 in Greene County, which, *inter alia,* granted a motion by defendant Pentzien, Inc. for summary judgment dismissing the complaint against it.

In August 1991 defendant Pentzien, Inc., a marine contractor, contracted with Iroquois Gas Transmission System to oversee as general contractor, the construction of a gas pipeline across the Hudson River near the Town of Athens in Greene County. Pentzien in turn contracted with third-party defendant, Pin Oak Construction, Inc. (hereinafter Pin Oak), to build an access road and a work pad area on the river bank. Pin Oak's duties included felling trees to make way for the project. Defendant Logging Unlimited/Jade Post (hereinafter Logging Unlimited) was another subcontractor assisting in the tree clearance work.

Plaintiff Robert Knudsen (hereinafter Knudsen) was hired as a laborer by Pin Oak and assisted in the removal of the felled trees by cutting off, carrying away and shredding branches from the felled trees. As Knudsen was cutting branches from a felled tree with a chain saw, he was struck and injured by a falling tree. Knudsen testified that he was told by a laborer working behind him that the logger cutting the tree "hadn't notched the tree and it spun on the stump, and fell the wrong way and hit me". According to Knudsen, the laborer also said that "he couldn't stop the tree from falling" and that he "[t]ried pushing it the right way, pushing it over the right way, the way it should of *[sic]* fell".

Knudsen and his wife commenced this negligence action in November 1991 against Pentzien and Logging Unlimited seeking to recover damages for his personal injuries and her derivative claim. Pentzien answered and commenced a third-party action against Pin Oak. Pentzien later moved for summary judgment dismissing the complaint. Plaintiffs cross-moved for summary judgment. Supreme Court, *inter alia,* denied plaintiffs' cross motion and granted Pentzien's motion for summary judgment dismissing the complaint against it. An order was entered and plaintiffs appeal.

The order of Supreme Court dismissing the complaint against Pentzien should be affirmed. Plaintiffs' first contention, that Supreme Court erroneously granted Pentzien summary judgment in regard to their causes of action based upon Pentzien's violation of Labor Law § 200 (1), is not properly before this Court for review. The record indicates that plaintiffs effectively waived or abandoned their Labor Law § 200 (1) claim involving common-law negligence in Supreme Court and hence may not now assert a Labor Law § 200 (1) violation on this appeal *(see, Johnson v Elliott,* 95 AD2d 874, 875; *Keen v Investors Data Technology,* 87 AD2d 811, 812). Plaintiffs specifically relied on the applicability of Labor Law § 241 (6) to establish liability against Pentzien, not the common law. Plaintiffs' counsel affirmed in plaintiffs' moving papers: "Pentzien's liability in this case is predicated not upon antiquated common law rules, but upon statute, §§ 241 (6) of the Labor Law, whose purpose is to afford employees of contractors and subcontractors a safe place to work. The statute imposes a *non-delegable duty* on the general contractor to furnish a safe place to work" (emphasis in original). Consequently, Supreme Court addressed only plaintiffs' argument regarding a violation of Labor Law § 241 (6) in its decision and we decline to disregard that waiver at this point in the action.

Plaintiffs' argument that Supreme Court erred in granting summary judgment dismissing plaintiffs' Labor Law § 241 (6) claim is without merit. We find unpersuasive plaintiffs' assertion that because tree-felling is inherently dangerous work, plaintiffs should be permitted to recover based upon resort to only the first sentence of Labor Law § 241 (6) reciting a general standard of care without having to prove that a concrete safety specification had been violated, as required by the decision in *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494, 502-505). "Labor Law § 241 (6) is but a reiteration of common-law standards, the implementation of which is left to a subordinate body, the Board of Standards and Appeals" *(Rosen v McGuire & Bennett,* 189 AD2d 966, 967). And, "an action predicated upon Labor Law § 241 (6) must refer to a violation of the specific standards set forth in the implementing regulations (12 NYCRR part 23) adopted by the Industrial Board of Appeals" *(Simon v Schenectady N. Congregation of Jehovah's Witnesses,* 132 AD2d 313, 317).

Plaintiffs' contention that they have sufficiently complied with this requirement to state a specific violation by stating Pentzien's violation of 12 NYCRR 23-1.5 (a) and 12 NYCRR 23-1.7 (a) fails. This requirement is not met by alleging a

violation of 12 NYCRR 23-1.5 (a), which, in substance, restates the common-law duty to provide a safe working environment *(see, Narrow v Crane-Hogan Structural Sys.,* 202 AD2d 841, 842; *see also, Ross v Curtis-Palmer Hydro-Elec. Co., supra; cf., Mascellino v Buffalo Gen. Hosp.,* 123 AD2d 507). Supreme Court correctly held that 12 NYCRR 23-1.7 (a) is not applicable to tree-felling work. The language of the regulation indicates that the protections enumerated therein were not intended to afford protection against the hazard of a falling tree under the circumstances existing here. Rather, it appears that 12 NYCRR 23-1.7 (a) contemplates protection against falling objects associated with other overhead activity under different circumstances.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.