■ PATRICK HAMANN et al., Appellants, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. LA-MURA CONTRACTING COMPANY, INC., Third-Party Defendant-Respondent. [631 NYS2d 181] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated June 6, 1994, which denied their motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is modified, on the law, by adding thereto a provision that upon searching the record partial summary judgment is granted to the defendant and so much of the complaint as asserts a cause of action under Labor Law § 240 (1) is dismissed; as so modified, the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The hazards contemplated by Labor Law § 240 (1) are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured *(see, Rocovich v Consolidated Edison Co., 78 NY2d 509, 515)*. In this case, it is uncontroverted that the injured plaintiff Patrick Hamann sustained injuries when he was crushed by a boulder which moved apparently as a result of excavation he was performing in a trench. This hazard was not related to elevation differentials, as contemplated by the statute and the injured plaintiff was therefore not entitled to the type of protection afforded by Labor Law § 240 (1) *(see, Rocovich v Consolidated Edison Co., supra)*. Thus, although the Supreme Court properly denied the plaintiffs' motion for summary judgment, upon searching the record, it should have granted partial sum-

mary judgment to the City of New York dismissing so much of the complaint as asserts a cause of action under Labor Law § 240 (1). Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.