■ JOAO M. PINHEIRO et al., Appellants, v MONTROSE IMPROVEMENT DISTRICT et al., Respondents, et al., Defendants.

[636 NYS2d 942] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Silverman, J.), entered July 1, 1994 in Westchester County, which denied plaintiffs' motion for partial summary judgment against defendants Montrose Improvement District, City of Peekskill and Hazen and Sawyer, P. C. on the issue of liability under Labor Law § 240 (1).

While working in a trench as part of a project involving the installation of a pipeline, plaintiff Joao M. Pinheiro was injured when he was struck by falling earth and stones. Plaintiffs commenced this action against defendants, which were involved in the project, seeking to recover damages. Included among the causes of action asserted in the complaint is a claim based upon Labor Law § 240 (1). After issue was joined, plaintiffs moved for partial summary judgment on the issue of the liability of defendants Montrose Improvement District, City of Peekskill and Hazen and Sawyer, P. C. under Labor Law § 240 (1). Supreme Court denied the motion, resulting in this appeal.

Plaintiffs contend that absolute liability may be imposed on an owner or contractor under Labor Law § 240 (1) based upon the failure to provide adequate safety devices to secure the wall of a trench to prevent it from falling on a worker. Plaintiffs recognize that the rule adopted in the Fourth Department would not permit them to recover under Labor Law § 240 (1) because the injury arose out of the collapse of a trench (*see, e.g., Rogers v County of Niagara*, 209 AD2d 1034). Plaintiffs contend, however, that the Second Department, where this action arose, has never adopted such a rule and, in any event, the Fourth Department rule is, according to plaintiffs, inconsistent with Court of Appeals decisions interpreting Labor Law § 240 (1). In a recent case, the Second Department appears to have followed the Fourth Department rule, holding Labor Law § 240 (1) inapplicable to a worker who was injured when he was crushed by a boulder which moved apparently as a result of excavation the worker was performing in a trench (*Hamann v City of New York*, 219 AD2d 583). We reject plaintiffs' claim that the phrase "materials or load being hoisted or secured", used by the Court in *Rocovich v Consolidated Edison Co.* (78 NY2d 509, 514) while construing the scope of Labor Law § 240 (1), encompasses the dirt and stones that form the wall of a trench. The collapse of the trench wall was not one of the special hazards contemplated by Labor Law § 240 (1). Accordingly, in addition to denying plaintiffs' motion for partial summary judgment, Supreme Court should have searched the record and granted partial summary judgment to all defendants

dismissing so much of the complaint as asserts a cause of action under Labor Law § 240 (1) (*see, Hamann v City of New York, supra*).

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants Montrose Improvement District, City of Peekskill and Hazen and Sawyer, P. C., by adding thereto a provision which grants partial summary judgment to defendants dismissing so much of the complaint as asserts a cause of action under Labor Law § 240 (1), and, as so modified, affirmed.