■ Steven J. Lysiak, Appellant-Respondent, v Murray Realty Company et al., Respondents, and Wade Lupe Construction Company, Inc., et al., Respondents-Appellants. [642 NYS2d 350] —Mikoll, J. P. Cross appeals from an order of the Supreme Court (Williams, J.), entered March 31, 1995 in Schenectady County, which, *inter alia,* partially granted defendants' motions for summary judgment dismissing the amended complaint and denied plaintiff's cross motion for partial summary judgment on the third cause of action of the amended complaint.

On September 10, 1988, plaintiff was severely injured when struck in the head by a 30-foot tree being removed from real property owned by defendant Murray Realty Company and leased to defendant R. J. Murray Company (hereinafter collectively referred to as the Murray defendants). The property was located in the Town of Niskayuna, Schenectady County. The Murray defendants were clearing trees from the property to facilitate drainage of a catch basin contemplated by the Town. Defendant Wade D. Lupe (hereinafter Lupe), former project manager of defendant Wade Lupe Construction Company, Inc. (hereinafter Lupe Construction) and officer of defendant Hexam Gardens Construction Company, Inc. (hereinafter Hexam), agreed to assist his longtime friend Robert Murray, president of R. J. Murray Company, in the tree clearing. Lupe had arranged for further help from John Christman, a former employee of Lupe Construction, and plaintiff, Christman's son-in-law.

In the summer of 1989, plaintiff commenced the instant action against the Murray defendants and Lupe Construction for common-law negligence and violations of Labor Law §§ 200 and 241 (6). Plaintiff subsequently commenced a second action

against Lupe and Hexam and the two actions were consolidated. Supreme Court permitted plaintiff to amend his complaint to include a cause of action under Labor Law § 240, his first amended complaint. Defendants thereafter moved and cross-moved for summary judgment dismissing the amended complaint. Plaintiff opposed the motion and cross-moved for partial summary judgment on the Labor Law § 240 claim (the third cause of action) and for permission to serve a second amended complaint alleging specific regulatory violations relative to Labor Law § 241 (6).

Supreme Court, in denying plaintiff's cross motion for partial summary judgment as to the third cause of action, concluded that no structure was involved which would bring the work performed within the purview of Labor Law § 240 and dismissed the third cause of action as to all defendants. Supreme Court also dismissed plaintiff's Labor Law § 200 cause of action (the second cause of action) against only the Murray defendants, finding that they did not exercise any supervision or control over the site. However, the court found that there were material questions of fact as to whether plaintiff was an employee of either Lupe Construction or Hexam, and denied these defendants summary judgment on plaintiff's Labor Law § 200 claim. Supreme Court further denied summary judgment as to all defendants on the first cause of action asserting violations of Labor Law § 241 (6). Lastly, the court granted plaintiff's cross motion to further amend his complaint. Plaintiff then appealed and Lupe Construction, Lupe and Hexam cross-appealed.

The order of Supreme Court should be modified to the extent of granting Hexam's, Lupe's and Lupe Construction's motions for summary judgment dismissing the complaint as to plaintiff's Labor Law § 241 (6) cause of action, and, as so modified, affirmed.

Supreme Court properly held that a triable issue of fact exists as to whether plaintiff was a gratuitous volunteer at the time he was struck by the tree or an employee of Lupe Construction. Lupe Construction and Hexam argue that plaintiff was a gratuitous volunteer and therefore not covered by Labor Law §§ 200, 240 and 241 (see, Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 577; Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971). The proof submitted on the motions, including plaintiff's examination before trial and affidavits, discloses that plaintiff was employed as a full-time truck driver for another company but did part-time work for Lupe Construction since 1981. Plaintiff testified that he was

paid $7.50 an hour by Hexam when he did work for Lupe Construction. Plaintiff further testified that Lupe had asked him to help out at the Murray site and that while he never discussed compensation, he assumed that he would total up the hours he worked and submit them to Lupe Construction for payment as he had done in the past. However, plaintiff stated that because of the accident he never submitted his time sheet. Plaintiff also argues that he was given timber harvested from the site in exchange for his assistance, creating a "for hire" situation. Defendants assert that plaintiff was merely helping out a friend and submitted evidence to support that assertion. Thus, there was conflicting evidence in the record on the status of the parties' relationship at the time of the accident.

We reject plaintiff's argument that Supreme Court erroneously denied his cross motion for summary judgment as to his Labor Law § 240 claim because the tree removal was (1) necessary and incidental to the extension of a catch basin, allegedly to be done by the Town, and (2) accomplished through a "hoisting" operation.

A tree is not a structure as that term is used in Labor Law § 240 (1) as it is not " 'artificially built up or composed of parts joined together in some definite manner' " (*Lewis-Moors v Contel of N. Y.*, 78 NY2d 942, 943, quoting *Caddy v Interborough R. T. Co.*, 195 NY 415, 420). A tree itself is not a "building" or "structure" but a product of nature (*see, Lombardi v Stout*, 80 NY2d 290, 296). Further, plaintiff's claim that the tree removal was incidental and necessary to the construction, repairing or alteration of a structure (*see, supra*, at 296; *Mosher v St. Joseph's Villa*, 184 AD2d 1000, 1002), namely, the catch basin located somewhere to the rear of the Murray property, is not supported by sufficient evidence (*cf., Lombardi v Stout, supra*, at 296). The evidence in the record established that the catch basin had already been installed by the Town and that the tree removal was for the purpose of drying out the land so that the Town could drain the catch basin, not for alteration of the basin.

Moreover, assuming the tree removal constituted site preparation, plaintiff's injury was not caused by an elevation-related risk as required by the Labor Law § 240 (1) (*see, Smith v New York State Elec. & Gas Corp.*, 82 NY2d 781, 783; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *Carringi v International Paper Co.*, 184 AD2d 137, 139). The tree was not hoisted or secured at a level above the work site. The tree was lying on

the ground parallel to it and a chain was fastened to it and to a bulldozer. The bulldozer moved in an attempt to remove the tree by dragging it along the ground when the tree suddenly and unexpectedly was propelled upward, striking the standing plaintiff. The hazard was not related to elevation differentials as contemplated by the statute (see, *Pinheiro v Montrose Improvement Dist.*, 224 AD2d 777, 778; *Hamann v City of New York*, 219 AD2d 583; see also, *Lehner v Dormitory Auth.*, 201 AD2d 948, 949). Thus, Supreme Court properly dismissed plaintiff's Labor Law § 240 claim as to all defendants.

Plaintiff's contention that an issue of fact exists as to whether the Murray defendants transgressed Labor Law § 200 in failing to provide plaintiff a reasonably safe place to work is without merit. The Murray defendants rightly claim that as they did not exercise any supervisory control over the job site (see, *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 299), Supreme Court properly dismissed plaintiff's Labor Law § 200 claim against them. Here, the alleged dangerous condition arose from the contractor's methods and in the absence of a showing that the Murray defendants, as owners, exercised supervisory control over the operation, liability will not attach to them under Labor Law § 200 (see, *Lombardi v Stout*, 80 NY2d 290, 295, *supra*). While there is some suggestion in the record that both Robert Murray and Lupe were working together on clearing the site and that Robert Murray actively participated in clearing the site before the accident, mere presence at the job site is not sufficient to create liability (see, *Rapp v Zandri Constr. Corp.*, 165 AD2d 639, 642).

Also without merit is the argument made by Lupe Construction, Hexam and Lupe that Supreme Court erred in denying their motions and cross motions for summary judgment dismissing plaintiff's Labor Law § 200 claim against them because there is no credible evidence that they were in control of the Murray property or had supervisory control over the methods used concerning the removal of the trees. Robert Murray, Christman and plaintiff testified that Lupe participated in removing the trees and in driving the equipment. Christman testified that while no one was in charge of the work site, Lupe showed him the area to be cleared and that Robert Murray and Lupe decided which trees to cut. However, Lupe testified that it was Christman who directed the work and that Christman directed him as to which trees to tie the chain around to remove them. This conflicting testimony concerning Lupe's control over the work site creates a triable issue of fact prohibiting summary judgment in favor of Lupe Construction, Lupe and Hexam as to the Labor Law § 200 claim.

Hexam's argument that Supreme Court improperly denied its motion for summary judgment on plaintiff's Labor Law § 241 (6) claim is meritorious. The recitation in Hexam's notice of appeal limited its appeal to "that portion of said Order denying [Lupe's and Hexam's] motion for summary judgment as it relates to Labor Law § 200 and § 241 (6)", and Hexam's attempt to expand its appeal to permit review of Supreme Court's grant of plaintiff's cross motion to amend the complaint to include allegations of specific regulatory violations in reference to Labor Law § 241 (6) is unavailing (*see, Kinns v Schulz*, 131 AD2d 957, 958-959; *see also, Vias v Rohan*, 119 AD2d 672).

However, an action predicated upon Labor Law § 241 (6) must refer to a violation of specific standards set forth in the implementing regulations (12 NYCRR part 23) adopted by the Industrial Board of Appeals (*see, Lawyer v Rotterdam Ventures*, 204 AD2d 878, 880, *lv dismissed* 84 NY2d 864). Plaintiff's third cause of action as alleged in his first amended complaint states that "the failure of the defendants to provide such reasonable and adequate protection and safety includes, but is not limited to, their failure to provide and require the wearing of approved safety hats as required by the New York Industrial Board of Appeals regulations". This claim is based solely upon 12 NYCRR 23-1.8 (c) (1), which relates to the danger of being struck by falling objects or materials and is not intended to afford protection against the hazard of a falling tree (*see, Knudsen v Pentzien, Inc.*, 209 AD2d 909, 911). Without a specific regulatory violation, plaintiff's allegations fail to state a triable claim for damages. The remaining claims also assert violations of regulations of general conduct (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505, *supra*). Thus, Supreme Court erred in denying Hexam summary judgment as to this claim.

Finally, Supreme Court abused its discretion in granting plaintiff leave to amend his complaint to allege specific regulatory violations to support his Labor Law § 241 (6) claim. Assuming that Supreme Court properly granted plaintiff leave to amend his complaint to allege these specific regulatory violations, the claim as amended is insufficient to defeat summary judgment as the cited regulations proposed are not applicable to the factual situation here. While the regulations specify land clearing in defining construction work (*see,* 12 NYCRR 23-1.4 [b] [13]), this Court has expressly held that 12 NYCRR 23-1.7 is not applicable to tree-felling work (*see, Knudsen v Pentzien, Inc.*, 209 AD2d 909, 911, *supra*). Further, neither "hoisting" (*see,* 12 NYCRR 23-8.1 [f]) nor "excavation" (*see,* 12 NYCRR 23-9.5) was involved here.

Even though Lupe Construction similarly limited its appeal by its notice of appeal, this Court, after searching the record, may grant summary judgment to a nonappealing party when appropriate (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111). In light of plaintiff's failure to allege violations sufficient to support a triable claim for damages under Labor Law § 241 (6), Lupe Construction is also entitled to summary judgment as to plaintiff's Labor Law § 241 (6) claim (*see, Chamberlain v Town of Portville*, 177 AD2d 996, 997, *lv denied* 80 NY2d 752).

Mercure, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions with respect to plaintiff's Labor Law § 241 (6) cause of action; said motions granted, summary judgment awarded to defendants and said cause of action dismissed; and, as so modified, affirmed.