■ ALEX VITALIOTIS et al., Appellants, v VILLAGE OF SAL-TAIRE, Respondent. (And a Third-Party Action.) [646 NYS2d 356] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered May 26, 1995, as, upon an order of the same court (Oshrin, J.), dated August 12, 1994, granting partial summary judgment dismissing so much of the complaint as was premised on Labor Law §§ 200 and 240 (1) and common-law negligence, and, upon a ruling granting the defendant's motion for judgment as a matter of law during trial dismissing so much of the complaint as was premised on Labor Law § 241 (6), dismissed the complaint in its entirety.

Ordered that the judgment is modified by deleting therefrom the provision dismissing the complaint in its entirety, substituting therefor a provision dismissing so much of the complaint as is based on Labor Law §§ 200 and 240 (1) and common-law negligence, and severing so much of the complaint as is based on Labor Law § 241 (6); as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on so much of the complaint as is based on Labor Law § 241 (6), with costs to abide the event.

The plaintiff Alex Vitaliotis was injured when the side of the trench he was digging and part of a nearby retaining wall collapsed, pinning him in the trench. On these facts, the plaintiffs failed to establish a claim for relief based on Labor Law § 240 (1), since Alex Vitaliotis was not injured as the result of a gravity-related accident, as contemplated under this statute *(see, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487; *Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841; *Pinheiro v Montrose Improvement Dist.,* 224 AD2d 777; *Hamann v City of New York,* 219 AD2d 583; *Smerka v Niagara Mohawk Power Corp.,* 206 AD2d 891; *see generally, Ross v Curtis-Palmer Hydro-Elec.*

*Co.,* 81 NY2d 494; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509).

However, the Supreme Court erred in dismissing so much of the complaint as was premised on Labor Law § 241 (6) upon the motion of the defendant, the owner of the premises upon which the accident occurred, for judgment as a matter of law during trial. Judgment as a matter of law during trial was granted upon the ground that the defendant had delegated responsibility for worksite safety to the contractor. It is well settled, however, that the duties imposed upon owners under Labor Law § 241 (6) are nondelegable, and are imposed regardless of whether the defendant exercised supervision or control over the worksite *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra).* Accordingly, a new trial is required on the issue of liability under Labor Law § 241 (6).

The resolution of the defendant's claim for indemnification must await further proceedings in the Supreme Court. O'Brien, J. P., Sullivan, Joy and McGinity, JJ., concur.