■ SYDNEY DICKSON, Appellant, v FANTIS FOODS, INC., Defendant and Third-Party Plaintiff-Respondent. MORIAS CONSTRUCTION CORP., Third-Party Defendant-Respondent. [652 NYS2d 1005] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of a judgment of the Supreme Court, Kings County (Golden, J.), dated February 13, 1996, as is in favor of the defendant and against him based upon an alleged violation of Labor Law § 241 (6). The appeal brings up for review an order of the same court, dated May 30, 1995, and a ruling granting the defendant's motion for judgment as a matter of law made at the close of the evidence.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the cause of action based on an alleged violation of Labor Law § 241 (6) is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on that cause of action only.

The plaintiff does not have a Labor Law § 240 cause of action because his accident was not the result of an elevation-related hazard as contemplated by this statute *(see, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487; *Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841; *Phillips v City of New York,* 228 AD2d 570; *Genco v City of New York,* 211 AD2d 615; *Schreiner v Cremosa Cheese Corp.,* 202 AD2d 657).

However, the plaintiff's Labor Law § 241 (6) cause of action should have been submitted to the jury. Labor Law § 241 (6) imposes a nondelegable duty upon all owners to comply with its requirements, regardless of the owner's direction and control over the work *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Vitaliotis v Village of Saltaire,* 229 AD2d 575). Furthermore, two of the regulations cited by the plaintiff, 12 NYCRR 23-1.8 (c) (1) and 23-1.30, contain "concrete specifications" that allow the plaintiff's Labor Law § 241 (6) cause of

action to withstand the defendant's motion for summary judgment *(Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505).

The parties' remaining contentions are without merit. Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.