■ MIECZYSLAW GAWEL et al., Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. [655 NYS2d 351] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about December 12, 1995, which, insofar as appealed from, granted defendant's motion for summary judgment dismissing the causes of action under Labor Law §§ 200 and 241 (6), unanimously reversed, on the law, without costs, to deny defendant's motion, and to reinstate those two causes of action.

We find, contrary to the motion court, that 12 NYCRR 23-1.7 (e) (2) (*Colluci v Equitable Life Assur. Socy.*, 218 AD2d 513), 12 NYCRR 23-1.30 (*Dickson v Fantis Foods*, 235 AD2d 452), and 12 NYCRR 23-3.3 (c) (*Zuniga v Stam Realty*, 169 Misc 2d 1004) contain "concrete specifications", rendering the section 241 (6) claim viable, and find issues of fact as to whether their alleged violation contributed to plaintiff's injury. The section 200 claim is also viable. The testimony of defendant's chief construction inspector that he was stationed at the work site, inspected the work on a daily basis, kept a daily log, and had the authority to stop the performance of and to order the correction of unsafe

work practices raise issues of fact as to whether defendant supervised the work site (*see, Lombardi v Stout*, 80 NY2d 290, 295). Concur—Ellerin, J. P., Wallach, Williams and Mazzarelli, JJ.