■ Lawrence Cianciola, Appellant, v Ira S. Salk Construction Corp., Defendant and Third-Party Plaintiff-Respondent,

and KALMON DOLGIN AFFILIATES, INC., Defendant and Third-Party Defendant-Respondent. F.P.S. ELECTRIC, INC., et al., Third-Party Defendants-Respondents. [657 NYS2d 937] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), entered March 6, 1996, as granted the motion of the defendant Ira S. Salk Construction Corp. for summary judgment dismissing the complaint insofar as asserted against it, and denied his cross motion for partial summary judgment on the issue of liability under Labor Law § 240.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Labor Law § 240 cause of action was properly dismissed as the plaintiff was not injured as the result of a gravity-related hazard within the meaning of that statute (*see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487; *Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841; *Dickson v Fantis Foods*, 235 AD2d 452; *Phillips v City of New York*, 228 AD2d 570; *Schreiner v Cremosa Cheese Corp.*, 202 AD2d 657).

The Labor Law § 200 cause of action was also properly dismissed as there was no evidence to indicate that the defendant Ira S. Salk Construction Corp. exercised any supervision and control over the work or that it had any notice of a defect (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Lombardi v Stout*, 80 NY2d 290; *Rojas v County of Nassau*, 210 AD2d 390). Miller, J. P., Joy, Goldstein and Florio, JJ., concur.