■ MICHAEL J. CREAMER et al., Respondents, v AMSTERDAM HIGH SCHOOL et al., Defendants, and DEC-TAM CORPORATION, Defendant and Third-Party Plaintiff. PULVER ROOFING COMPANY, INC., Third-Party Defendant-Appellant. [659 NYS2d 560] —Peters, J. Appeal from that part of an order of the Supreme Court (Best, J.), entered July 10, 1996 in Montgomery County, which denied a motion by third-party defendant for summary judgment dismissing plaintiffs' Labor Law § 241 (6) cause of action.

Defendant Dec-Tam Corporation, the general contractor on an asbestos abatement project at defendant Amsterdam High School in the City of Amsterdam, Montgomery County, subcontracted with third-party defendant, Pulver Roofing Company, Inc. (hereinafter Pulver), to install temporary roofing. Since the overall project involved asbestos removal, plaintiff Michael J. Creamer (hereinafter plaintiff), employed

as a roofer with Pulver, as well as all other workers, were required to wear protective clothing consisting of nylon shorts underneath a one-piece, long-sleeve hooded and booted Tyvek suit with a half-mask respirator. As no particular shoes were mandated, plaintiff wore ordinary, lace-up workboots which he personally supplied. Plaintiff, performing this roofing work in the height of the summer heat, complained about having to wear the Tyvek suit because it was hot, it provided no protection for the type of roofing work he and other Pulver workers were required to perform since it was subject to melting, and because the mask, which had two filters on the outside, impeded his downward vision.

Plaintiff testified that in order to apply a temporary roof, workers had to spread heated asphalt onto the roof, mop the asphalt down, lay roof felt into it and then coat it with another layer of asphalt. Plaintiff's job, working as a team with other Pulver employees, was to spread the heated asphalt. After it was placed in his bucket, commonly known as a "shrimp boat", by another worker, plaintiff would mop the asphalt onto the roof in a U-shaped movement. It required him to mop down a 20 to 25-foot long strip with his back away from the shrimp boat and return mopping backwards to ensure a three-foot wide application. On the day of the accident, plaintiff was looking for the location of his shrimp boat before he made the turn. As he made the backward motion, his feet got stuck in the asphalt, the mop started coming up towards his legs while its momentum was going backward. Concerned that the hot asphalt would get into his shoes, he twisted and went backward, falling onto the shrimp boat. As his arm fell into the hot asphalt, almost to his armpit, plaintiff yelled for assistance. A co-worker sprayed him down with a garden hose, peeled off the sleeve of his Tyvek suit, and realized that several layers of his skin were missing. He was immediately taken to the hospital.

Plaintiff testified that at the time of his injury, he had not noticed any debris on the floor. Scott Stanistreet, plaintiff's foreman, testified that other Pulver employees had been complaining "all the time" about how the soles of their shoes were sticking to the roof. He did not, however, convey that problem to Dec-Tam. Steve Johnson, supervisor for Dec-Tam, testified that it supplied the suits that both Dec-Tam and Pulver employees were required to wear.

Plaintiff, and his wife derivatively, commenced this action alleging negligence and violations of Labor Law § 200, 240 and 241. Dec-Tam commenced a third-party action against Pulver. Pulver made a motion for summary judgment seeking, *inter*

*alia*, dismissal of the complaint. This appeal concerns that part of Supreme Court's order which denied the motion to dismiss various claims asserted under Labor Law § 241 (6).

It is well settled that Labor Law § 241 (6) imposes a nondelegable duty requiring compliance "with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502). To assert a viable cause of action, plaintiffs must " 'refer to a violation of the specific standards set forth in the implementing regulations (12 NYCRR part 23) adopted by the Industrial Board of Appeals' " (*Knudsen v Pentzien, Inc.*, 209 AD2d 909, 910, quoting *Simon v Schenectady N. Congregation of Jehovah's Witnesses*, 132 AD2d 313, 317). In addressing the claims before us, we preliminarily note that plaintiffs' reliance upon 12 NYCRR 56-12.1 (g), 12 NYCRR 12-1.5 (c) as well as 29 CFR 1910.132 (c) is misplaced since such regulations were not adopted pursuant to 12 NYCRR part 23.

As to plaintiffs' reliance upon 12 NYCRR 23-1.5 to support a claim under Labor Law § 241 (6), we have repeatedly found such regulation to merely "restate * * * the common-law duty to provide a safe working environment" (*Knudsen v Pentzien, Inc., supra*, at 911; *see, White v Sperry Supply & Warehouse*, 225 AD2d 130) and thus not sufficiently specific to support a claim. We further note that there existed no evidence that plaintiff's fall was caused by workplace debris, scattered tools or sharp projections, and therefore find no basis to support a claim alleging a violation of 12 NYCRR 23-1.7 (e) (2). In so finding, we reject the contention that the heated asphalt could be considered the equivalent of dirt, debris, scattered tools or materials pursuant to such regulation since it "was an integral part of the [roof] that was being constructed" (*Adams v Glass Fab*, 212 AD2d 972, 973).

We do, however, find that plaintiff's expert affidavit sets forth sufficient admissible evidence demonstrating the existence of a triable issue to support a claim under Labor Law § 241 (6) alleging a violation of 12 NYCRR 23-1.8 (c). Such regulation requires the provision of appropriate protective equipment where an "employee [is] required to use or handle corrosive substances" (12 NYCRR 23-1.8 [c] [4]). In so finding, we reject Pulver's assertion that heated asphalt should not be considered a "corrosive substance" or that the regulation itself lacks the specificity required (*see, Donovan v S & L Concrete Constr. Corp.*, 234 AD2d 336; *see also, Ross v Curtis-Palmer Hydro-Elec. Co., supra*).

Accordingly, we modify Supreme Court's order by dismissing

the claims asserted under Labor Law § 241 (6), 12 NYCRR 23-1.7 (e) (2), 12 NYCRR 56-12.1 (g), 12 NYCRR 23-1.5, 12 NYCRR 12-1.5 (c) and 29 CFR 1910.132 (c).

Mercure, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment regarding plaintiffs' claims pursuant to Labor Law § 241 (6), 12 NYCRR 23-1.7 (e) (2), 12 NYCRR 56-12.1 (g), 12 NYCRR 23-1.5, 12 NYCRR 1.5 (c) and 29 CFR 1910.132 (c); motion granted to that extent and said claims dismissed; and, as so modified, affirmed.