■ SCOTT O'CONNELL, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. KESTEN PLUMBING & HEATING CORP. et al., Third-Party Defendants-Respondents. [714 NYS2d 328] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Alpert, J.), entered March 4, 1999, as, upon denying his motion for summary judgment on the issue of liability with respect to so much of the complaint as sought to recover damages for violation of Labor Law § 240 (1), denying his separate cross motion for leave to amend his verified bill of particulars, and granting the defendants' cross motion for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the order and judgment is modified, on the law, by (1) deleting so much of the first decretal paragraph thereof as denied the plaintiff's cross motion for leave to amend his verified bill of particulars and substituting therefor a provision granting the plaintiff's cross motion, and (2) deleting so much of the second decretal paragraph thereof as granted that branch of the defendants' cross motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for violation of Labor Law § 241 (6) insofar as asserted against the defendant Consolidated Edison Company of New York, Inc., and substituting therefor a provision denying that branch of the defendants' cross motion and severing

the action insofar as asserted against that defendant; as so modified, the order and judgment is affirmed, with one bill of costs to the defendants.

The plaintiff was employed as a plumber's helper by the third-party defendant, Kesten Plumbing & Heating Corp. (hereinafter Kesten). On February 13, 1991, he was working in a trench with several men, including his father, putting together pipes and pipe fittings for surface drains. Part of the trench wall collapsed and a pipe fitting, which had been laid out on the side of the trench, slid down into the trench. According to the plaintiff, he put his hand up in an attempt to prevent it from hitting his father, and he suffered injuries when the pipe fitting hit his hand and jammed his hand between a pipe, the side of the trench, and the fitting which had fallen.

The plaintiff commenced the instant action against Consolidated Edison Company of New York, Inc. (hereinafter Con Ed), owner of the premises on which he was injured, and Durr Mechanical Construction, Inc. (hereinafter Durr), a subcontractor which had subcontracted out certain work to Kesten. He alleged violations of Labor Law §§ 200, 240 (1), and § 241 (6). Various third-party actions also ensued. Eventually, insofar as is relevant to the instant appeal, the plaintiff moved for summary judgment on the issue of liability with respect to so much of the complaint as sought to recover damages for violation of Labor Law § 240 (1). Con Ed and Durr cross-moved for summary judgment dismissing the complaint, and the plaintiff separately cross-moved for leave to amend his verified bill of particulars to allege specific violations of the Industrial Code in support of his cause of action to recover damages for violation of Labor Law § 241 (6). In the order and judgment appealed from, *inter alia*, the Supreme Court granted the defendants' cross motion for summary judgment dismissing the complaint, and denied the plaintiff's motion and separate cross motion.

The Supreme Court properly dismissed so much of the plaintiff's complaint as alleged a violation of Labor Law § 240 (1). It is well settled that "not every hazard or danger encountered in a construction zone falls within the scope of Labor Law § 240 (1) as to render the owner or contractor liable for an injured worker's damages" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490). Rather, the Court of Appeals has "expressly held that 'Labor Law § 240 (1) was aimed only at elevation-related hazards and that, accordingly, injuries resulting from other types of hazards are not compensable under that statute even if proximately caused by the absence of * * *

[a] required safety device'" (*Misseritti v Mark IV Constr. Co.*, *supra*, at 490; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). In the instant case, the plaintiff's alleged injuries did not arise from such an elevation-related hazard (*see, Misseritti v Mark IV Constr. Co.*, *supra*; *Brechue v Town of Wheatfield*, 241 AD2d 935; *Adamczyk v Hillview Estates Dev. Corp.*, 226 AD2d 1049). Additionally, Labor Law § 240 (1) does not apply to a trench cave-in (*see, Vitaliotis v Village of Saltaire*, 229 AD2d 575; *Hamann v City of New York*, 219 AD2d 583; *Staples v Town of Amherst*, 146 AD2d 292).

The Supreme Court erred, however, in dismissing so much of the complaint as sought to recover damages for violation of Labor Law § 241 (6) insofar as asserted against Con Ed, as that statute imposes an absolute and non-delegable duty upon owners and contractors (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*). The Supreme Court did, however, properly dismiss that portion of the complaint insofar as it was asserted against Durr, a subcontractor which exercised no control over the plaintiff's work (*see, Russin v Picciano & Son*, 54 NY2d 311).

Finally, that branch of the plaintiff's cross motion which was for leave to amend his verified bill of particulars to allege specific violations of the Industrial Code should have been granted. The plaintiff's cross motion was timely made, and permitting the amendment under the circumstances would not implicate any new facts nor will it prejudice Con Ed (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957; *Smith v Peterson Trust*, 254 AD2d 479). Friedmann, J. P., McGinity, Luciano and Feuerstein, JJ., concur.