■ VINCENZO NATALE et al., Appellants, v CITY OF NEW YORK et al., Respondents. [822 NYS2d 771]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated April 7, 2005, as granted the motion of the defendants Keyspan Energy Delivery N.Y.C. and Keyspan Corporation, and the cross motion of the defendant City of New York, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Vincenzo Natale, an employee of Hallen Construction Co. (hereinafter Hallen), was injured while installing a gas line pursuant to a contract between Hallen and the defendants Keyspan Energy Delivery N.Y.C. and Keyspan Corporation (hereinafter collectively referred to as Keyspan). As a coworker excavated a three-foot deep trench along a sidewalk with a backhoe, Natale, who was working in the trench, was struck by a falling segment of the overhanging concrete sidewalk slab.

The plaintiffs thereafter commenced this action to recover damages for violations of Labor Law §§ 200, 240 (1), and § 241 (6), and common-law negligence. Keyspan moved, and the City of New York cross-moved, for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-moved for summary judgment on the Labor Law § 240 (1) cause of action. The Supreme Court granted Keyspan's motion and the City's cross motion for summary judgment, and denied the plaintiffs' cross motion.

Keyspan and the City established their prima facie entitlement to judgment as a matter of law on the causes of action based upon Labor Law § 200 and common-law negligence, and the plaintiffs failed to raise a triable issue of fact as to those claims. The record reveals, inter alia, that Keyspan's employees informed Natale where, but not how, to install the gas lines, and exercised only general supervisory control. "General supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability for common-law negligence and under Labor Law § 200" (*Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 683 [2005], quoting *Dos Santos v STV Engrs., Inc.*, 8 AD3d 223, 224 [2004], *lv denied* 4 NY3d 702 [2004]; *see Lombardi v Stout*, 80 NY2d 290 [1992]; *Mohammed v Islip Food Corp.*, 24 AD3d 634 [2005]).

Labor Law § 240 (1) provides exceptional protection for work-

ers against the special hazards that arise when the work site itself is either elevated or is positioned below the level where materials or load are being hoisted or secured (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514-515 [1991]; *Jiron v China Buddhist Assn.*, 266 AD2d 347 [1999]). "These special hazards do not encompass any and all perils that may be connected in some tangential way with the effects of gravity. Rather, they are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Gonzalez v Turner Constr. Co.*, 29 AD3d 630, 631 [2006]).

"The fact that the force of gravity was involved is not enough, by itself, to support the plaintiff's claim" (*Zdunczyk v Ginther*, 15 AD3d 574, 575 [2005]). "[T]o establish liability under Labor Law § 240 (1), a plaintiff must show more than simply that an object fell, thereby causing injury to a worker (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288-289 [2003]). A plaintiff must show that 'the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute' " (*Turczynski v City of New York*, 17 AD3d 450, 451 [2005], quoting *Narducci v Manhasset Bay Assoc., supra* at 268).

Here, the hazard Natale encountered "was not related to elevation differentials, as contemplated by the statute and [he] was therefore not entitled to the type of protection afforded by Labor Law § 240 (1)" (*Hamann v City of New York*, 219 AD2d 583, 583 [1995]; *see Gampietro v Lehrer McGovern Bovis*, 303 AD2d 996, 997 [2003]; *O'Connell v Consolidated Edison Co. of N.Y.*, 276 AD2d 608, 609-610 [2000]; *Vitaliotis v Village of Saltaire*, 229 AD2d 575 [1996]). "[T]he piece of concrete did not fall 'while being hoisted or secured,' nor did it fall 'because of the absence or inadequacy of a safety device of the kind enumerated in the statute' (*Narducci v Manhasset Bay Assoc., supra* at 268), and thus the statute is inapplicable" (*Matter of Fischer v State of New York*, 291 AD2d 815, 816 [2002]).

Finally, the Supreme Court properly dismissed the plaintiffs' cause of action pursuant to Labor Law § 241 (6) since the provisions of the Industrial Code allegedly violated were either general provisions, or inapplicable to the facts of this case (*see Pirrotta v EklecCo*, 292 AD2d 362, 363-364 [2002]). 12 NYCRR 23-4.2 *et seq.* only mandate "the shoring and stabilization of trenches and excavations 'five feet or more in depth' " (*Magnuson v Syosset Community Hosp.*, 283 AD2d 404, 405 [2001]; *see*

*Monsegur v Modern Comfort Tech.*, 289 AD2d 307 [2001]).
Schmidt, J.P., Adams, Ritter and Lunn, JJ., concur.