Peter Ferreira, Appellant, v Village of Kings Point, Respondent, et al., Defendant. [891 NYS2d 475]—

The defendant Carlo Lizza & Sons Paving, Inc., performed work on a roadway drainage project on behalf of the defendant Village of Kings Point in connection with several roadways within the Village. During the course of that work, it was discovered that the water mains beneath one of the roadways required repair. The local water authority hired the plaintiff's employer, a plumbing contractor, to make the repairs to the water main. In the course of making those repairs, the plaintiff's coworker was using a backhoe to excavate the ground to the level of the water main, while the plaintiff followed behind the backhoe on foot, finishing the excavation of the resulting trench by hand. While the plaintiff was so engaged, the side of the trench collapsed, burying him to his chest, briefly pinning his arms, and injuring him. He commenced this action against the

Village, among others, alleging violations of, inter alia, Labor Law § 240 (1) and § 241 (6).

Labor Law § 240 (1) and § 241 (6) impose liability on " 'all owners', without regard to encumbrances, and [their] duty to provide safe working conditions is nondelegable regardless of control" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560 [1993]). Although there must be "some nexus between the owner and the worker, whether by a lease agreement or grant of an easement, or other property interest" in order for liability to be imposed under these provisions of the Labor Law (*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 51 [2004]), the burden placed upon a defendant seeking summary judgment on the ground that it is not an owner is a heavy one (*see Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333, 341-342 [2008]).

Here, the Village's conclusory assertion that there was no nexus between it and the plaintiff was insufficient to satisfy its burden on its motion for summary judgment (*see S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341 [1974]). Moreover, although the Village presented unrebutted evidence that it had no control over the repair project occurring on its property, such a showing is not sufficient to remove it from the Labor Law § 240 (1) definition of "owner" (*see e.g. Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d at 341-342; *Coleman v City of New York*, 91 NY2d 821, 822-823 [1997]; *Celestine v City of New York*, 59 NY2d 938 [1983], *affg* 86 AD2d 592, 593 [1982]; *DeSabato v 674 Carroll St. Corp.*, 55 AD3d 656, 658 [2008]; *Romero v J & S Simcha, Inc.*, 39 AD3d 838 [2007]). Accordingly, the Village did not satisfy its prima facie burden of demonstrating that it is not liable as an owner under Labor Law § 240 (1) and § 241 (6). Consequently, the Supreme Court erred in determining that it was entitled to summary judgment on that basis.

As an alternative ground for the affirmance of the Supreme Court's determination regarding the plaintiff's Labor Law § 240 (1) cause of action (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]), the Village argues that trench collapses do not fall within the ambit of that Labor Law section. Since trench collapses are not within the class of hazards against which Labor Law § 240 (1) was intended to guard (*see Natale v City of New York*, 33 AD3d 772, 774 [2006]; *O'Connell v Consolidated Edison Co. of N.Y.*, 276 AD2d 608, 610 [2000]; *Vitaliotis v Village of Saltaire*, 229 AD2d 575 [1996]), the Village established its prima facie entitlement to judgment as a matter of law dismissing the plaintiff's Labor Law § 240 (1) cause of action insofar as asserted against it. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the

Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it.

The Village also contends that the plaintiff does not have a viable Labor Law § 241 (6) cause of action since the provisions of the Industrial Code upon which he relies, namely 12 NYCRR 23-4.2 and 23-4.4, are not sufficiently specific to sustain his claim. Contrary to the Village's contention, the Industrial Code provisions relied upon by the plaintiff set forth detailed requirements regarding the bracing and shoring of trenches and, as such, are sufficiently specific to support a claim under Labor Law § 241 (6) (*see Garcia v Silver Oak USA*, 298 AD2d 555 [2002]). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing so much of the plaintiff's cause of action under Labor Law § 241 (6) as is based upon alleged violations of sections 23-4.2 and 23-4.4 of the Industrial Code.

The parties' remaining contentions are without merit. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.