Powell v Norfolk Hudson, LLC (2018 NY Slip Op 06047)





Powell v Norfolk Hudson, LLC


2018 NY Slip Op 06047


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-01381
 (Index No. 500021/09)

[*1]Elston Powell, appellant, 
v
Norfolk Hudson, LLC, et al., defendants, 101 Norfolk, LLC, respondent (and a third-party action).


William Pager, Brooklyn, NY, for appellant.
Shaw & Associates, New York, NY (Martin Shaw of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated December 17, 2015. The order granted the motion of the defendant 101 Norfolk, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant 101 Norfolk, LLC, for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff, a construction worker, alleges that he was removing equipment and construction materials from the roof of a building located at 101 Norfolk Street in Manhattan when workers who were constructing a building on the adjacent lot, known as 103-105 Norfolk Street, dropped a wooden form on him from several stories above. 101 Norfolk Street was owned by the defendant 101 Norfolk, LLC (hereinafter the defendant 101 Norfolk), and 103-105 Norfolk Street was owned by Norfolk Hudson, LLC (hereinafter Norfolk Hudson). The defendant 101 Norfolk and Norfolk Hudson were both managed by Norfolk Remote, LLC (hereinafter Norfolk Remote). Norfolk Remote, on behalf of Norfolk Hudson, had entered into a construction contract with On the Level Enterprises, Inc. (hereinafter On the Level), for the construction of a building at 103-105 Norfolk Street, and the addition of a third story on the building located at 101 Norfolk Street. On the Level entered into a subcontract with the plaintiff's employer for the performance of certain work on the project described in the contract as "101-103-105 Norfolk." On the day of the accident, the plaintiff had started doing work on the building at 103-105 Norfolk, and was then sent to the building at 101 Norfolk Street.
Following the accident, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant 101 Norfolk, alleging violations of Labor Law §§ 240(1), 241(6), and 200, and common-law negligence. The defendant 101 Norfolk subsequently moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court granted the motion.
We disagree with the Supreme Court's determination granting the defendant 101 [*2]Norfolk's motion. Contrary to the defendant 101 Norfolk's contention, it cannot be said, as a matter of law, that the defendant 101 Norfolk was not an "owner" for purposes of liability under the Labor Law. Rather, the evidence demonstrated that the defendant 101 Norfolk owned the property on which the plaintiff allegedly was injured and there was evidence that the plaintiff was injured in the course of a construction project encompassing both 103-105 Norfolk Street and the defendant 101 Norfolk's property, 101 Norfolk Street. Under the circumstances of this case, triable issues of fact exist as to whether the defendant 101 Norfolk contracted to have the injury-causing work performed, or had a sufficient nexus to that work, so as to support liability under Labor Law §§ 240 and 241 (see Wicks v Leemilt's Petroleum, Inc., 103 AD3d 793, 795-796; Ferreira v Village. of Kings Point, 68 AD3d 1048, 1050; see generally Scaparo v Village of Ilion, 13 NY3d 864; Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333). There are also triable issues of fact as to whether the defendant 101 Norfolk had a duty to provide the plaintiff with a safe place to work (see Korostynskyy v 416 Kings Highway., LLC, 136 AD3d 758, 759).
The defendant 101 Norfolk's remaining contentions are improperly raised for the first time on appeal.
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court