Lemache v MIP One Wall St. Acquisition, LLC (2021 NY Slip Op 00019)





Lemache v MIP One Wall St. Acquisition, LLC


2021 NY Slip Op 00019


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Index No. 158212/16 Appeal No. 12530 Case No. 2020-01429 

[*1]Luis Lemache, Plaintiff-Appellant,
v
MIP One Wall Street Acquisition, LLC et al., Defendants-Respondents.


Silberstein Awad & Miklos, P.C., Garden City (Daniel P. Miklos of counsel), for appellant.
Cartafalsa, Turpin & Lenoff, New York (Michael J. Lenoff of counsel), for respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered on or about July 19, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's common-law negligence and Labor Law §§ 200 and 240(1) causes of action, and denied plaintiff's cross motion for summary judgment on those claims, unanimously modified, on the law, to deny defendants' motion with respect to plaintiff's common-law negligence and Labor Law § 200 claims, and otherwise affirmed, without costs.
Plaintiff was injured while employed by nonparty Titan Industrial Corporation (TIC) when a pipe rolled onto his foot. On the day of the accident, plaintiff's foreman instructed plaintiff and his two coworkers to insert some pipes under a concrete planter to relocate it. Plaintiff and his coworkers were pushing and pulling the planter from the sides, while the foreman was pushing it with a bobcat, when one of the pipes rolled over plaintiff's foot, causing an injury.
The motion court properly dismissed plaintiff's cause of action pursuant to Labor Law § 240 (1) because the injury sustained by plaintiff was not the type of gravity-related event contemplated by the statute (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 9 [2011]; Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]).
However, plaintiff has sufficiently raised a triable issue of fact as to whether defendant general contractor Gilbane Residential Construction exercised some supervisory control over the means and methods of plaintiff's work so as to subject defendant to liability under Labor Law § 2oo and common-law negligence.
Section 200 codifies a landowner's duty to provide workers with a reasonably safe place to work (see Lombardi v Stout, 80 NY2d 290 [1992]). Claims under the statute and common-law fall into two general categories: "those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (Cappabianca v Skanska U.S. Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). In order to prove liability under the latter prong, a plaintiff must show that the owner or agent have the authority to control the activity bringing about the injury to enable it to avoid or correct any unsafe condition (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]); Gawel v Consolidated Ed. Co., 237 AD2d 138 [1st Dept 1997]).
The testimony of defendant's onsite superintendent raises a triable issue of fact as to whether Gilbane had the authority to control the activity bringing about the injury (see Rizzuto, 91 NY2d 352). Angelica Sepulveda testified that Gilbane had the right to enforce safety standards, including the right to ensure that proper safety equipment was being used. She testified that Gilbane directed plaintiff and his coworkers to move the planter in question, and that it was Gilbane's practice to perform a safety task assessment [*2]prior to such an operation, though she could not recall whether any such assessment was on file or not. The operation, according to plaintiff's foreman, was normally performed with two Bobcats, one pushing and one pulling the load; in this case, however, the operation was performed with only one Bobcat because the others were in use elsewhere on the site. Gilbane required that onsite Bobcat operators be licensed and kept track of all such operating engineers; in the event an unlicensed person were found to be operating a Bobcat contrary to instructions, the subcontractor would be notified by Gilbane and instructed to shut down the equipment. It is undisputed that the foreman who was operating the Bobcat involved in plaintiff's accident lacked the required license and, if Sepulveda's testimony is to be credited, should have been prohibited from doing so by Gilbane.
Rizzuto is not meaningfully dissimilar. In Rizzuto, the defendant general contractor had the ability to condition access to areas under construction and to not engage in an operation while a potentially hazardous activity was taking place in the vicinity, raising a triable issue of fact as to whether the defendant exercised supervisory control over the means and methods of the plaintiff's work (see Rizzuto at 352-353; see also Matter of Asbestos Litig. [Brown v Bell & Gossett Co.], 146 AD3d 461 [1st Dept 2017], appeal dismissed 29 NY3d 1141 [2017] [issue of fact existed where the defendant had the ability to prevent the hazard ultimately causing the plaintiff's injury, i.e., the application of asbestos-containing materials]; Freitas v New York City Tr. Auth., 249 AD2d 184 [1st Dept 1998] [issue of fact existed where, inter alia, a general contractor had the right to dictate when subcontractor would do its work and when it would not]).
Given the testimony of the superintendent that Gilbane directed that the planter be moved, controlled the use of the machinery, and had the right to stop the work if it deemed it unsafe or if a subcontractor were found to be using a unlicensed operator, and further, that it was the practice of Gilbane to perform a safety task assessment in such an instance, it cannot be said that defendant is entitled to judgment as a matter of law on the Section 200 and common-law negligence claims.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021