■ MICHAEL V. SPARENDAM et al., Respondents-Appellants, v LEHR CONSTRUCTION CORP., Respondent, AT&T CORP. et al., Appellants-Respondents, and BLP ACQUISITION LLC et al., Respondents-Appellants, et al., Defendant. [807 NYS2d 335]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about October 4, 2004, which, inter alia, granted defendant Lehr Construction Corp.'s motion for summary judgment, granted in part and denied in part defendants BLP

---

Acquisition LLC, ATC Merger Corp., and Globix Corporation's motion for summary judgment, and granted in part and denied in part defendants AT&T Corp. and AT&T Inc.'s cross motion for summary judgment, modified, on the law, to grant summary judgment dismissing the Labor Law § 241 (6) claim based on Industrial Code (12 NYCRR) § 23-4.2 (h) against BLP Acquisition LLC, ATC Merger Corp. and Globix Corporation and the AT&T defendants, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of BLP Acquisition LLC, ATC Merger Corp. and Globix Corporation and AT&T Corp. and AT&T Inc. dismissing the complaint.

Plaintiff suffered a fracture of his right knee and other injuries when he was struck in the legs by an air compressor at a construction site. At the time of the accident, two trenches eight inches deep, four inches wide and separated by 12 inches had been cut into the street by the use of a rotary asphalt-cutting saw. The area between the trenches had not yet been excavated. As plaintiff and five coworkers were moving the compressor, which was being used to power a jackhammer, one of its two wheels fell into a trench, and the compressor swung around, striking plaintiff on the knees and knocking him down.

Summary judgment dismissing the Labor Law § 241 (6) claims should have been granted on the ground that Industrial Code (12 NYCRR) sections cited by plaintiff as predicates for these claims are either inapplicable or insufficiently specific. Section 23-4.2 (h), which requires that any "open excavation" be effectively guarded by fence or barricade or protected by covering, is inapplicable to plaintiff's accident because, while there were kerf cuts in the road surface where plaintiff was injured, there was not yet any open excavation. Section 23-4.2 (k), which provides that "[p]ersons shall not be suffered or permitted to work in any area where they may be struck or endangered by any excavation equipment or by any material being dislodged by or falling from such equipment," is insufficiently specific to support a Labor Law § 241 (6) claim (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502-503 [1993]).

The motion court properly dismissed the negligence and Labor Law § 200 claims against AT&T. There is no evidence that AT&T, which arguably had general supervisory authority over plaintiff's employer, Westmoreland, actually exercised supervisory control or had any input into how the compressor was to be moved (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876 [1993]).

The motion court properly dismissed the complaint against Lehr Construction Corp. on the ground that Lehr did not have

any authority over AT&T's or Westmoreland's work. It is undisputed that Lehr was in the business of renovating the interiors of buildings, that it was hired as the construction manager for the interior renovation of Globix's building, that Lehr hired neither AT&T nor Westmoreland, and that neither Lehr nor any of its subcontractors played any role in the delivery of conduit or cables from the street into the building. Lehr's agreement with Globix defined the project as "Basement through the 9th Floor" and provided for Lehr to hire subcontractors to do the work. Contrary to AT&T's contention, the provisions of the agreement that called on Lehr to coordinate, supervise or inspect the work of all trade contractors plainly refer to contractors hired to perform work in the project of renovating the building's interior from the basement through the ninth floor (cf. *Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005] [atypical construction manager's "broad responsibility was both that of coordinator and overall supervisor for all the work being performed on the job site"]). Concur—Mazzarelli, J.P., Ellerin and Catterson, JJ.

McGuire, J., concurs in a separate memorandum as follows: Although I join in the Court's decision, plaintiff's Labor Law § 241 (6) claim predicated on 12 NYCRR 23-4.2 (h) requires additional discussion. This provision of the Industrial Code prescribes safeguards that should be taken in connection with an "open excavation." The two cuts created by the asphalt-cutting saw are not "open excavation[s]" within the meaning of this provision. Although these cuts initially were some four inches wide and eight inches deep, it appears that the two cuts (described by the Court both as "cuts" and "trenches") were only some two inches deep at the time of the accident because the dirt displaced by the saw blade had been pushed back by broom into the cuts.

In any event, it makes no sense to consider the "trenches" as "open excavation[s]" regardless of whether they were two inches or eight inches deep. To construe any slight depression, created preparatory to additional digging, as itself an "open excavation" trivializes the obvious goal of section 23-4.2 (h)—to prevent injuries when persons or objects fall from grade level into excavated areas. Moreover, it nonsensically would require the erection of barricades or covering planking for the initial depressions as well as the ultimate "open excavation." Other absurdities are apparent. For example, any potential liability under section 23-4.2 (h) could be avoided for a one inch deep and one inch wide "open excavation" by covering the depression with "planking at least two inches thick full size" (§ 23-4.2

[h] ["In lieu of . . . guarding, protection may be afforded by a substantial covering installed over (the) excavation. Such covering shall consist of planking at least two inches thick full size, properly supported exterior grade plywood at least three-quarters inch thick or material of equivalent strength."]).

The Court correctly recognizes that the saw cuts are not "open excavation[s]" within the meaning of the Industrial Code. Although the Court also notes that the 12-inch area between the saw cuts "had not yet been excavated" at the time of the accident, I do not understand the Court's use of the word "excavated" to suggest that section 23-4.2 (h) would be applicable if the area between the saw cuts had been dug out. The undisputed evidence before the motion court established that the 12-inch-wide strip was to have been dug out to a depth of 18 inches. Whether a depression 18 inches deep might under some circumstances be such an "open excavation" is an issue that is not before this Court.