■ NOEL WILLIS, Respondent, v PLAZA CONSTRUCTION CORP. et al., Appellants. (And a Third-Party Action.) [54 NYS3d 281]—

Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered May 6, 2016, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the Labor Law §§ 200 and 241 (6) and common-law negligence claims, unanimously modified, on the law, to grant the motion for summary judgment dismissing plaintiff's Labor Law § 200 claim, common-law negligence claim, and Labor Law § 241 (6) claim predicated on Industrial Code (12 NYCRR) §§ 23-1.10 (b) (2) and 23-4.2 (k), and otherwise affirmed, without costs.

The motion court erred in denying defendants' motion as to the Labor Law § 200 and common-law negligence claims, because the construction accident—that is, the bursting of a hose pouring liquid cement—arose out of the means and methods of plaintiff's work, and there was no evidence that defendants actually controlled or exercised supervisory authority over how plaintiff performed that work (*see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc.*, 104 AD3d 446, 449 [1st Dept 2013]). At most, defendants had general authority over work site safety, which is insufficient to hold them liable for plaintiff's injuries (*see id.*; *see also Hughes v Tishman Constr. Corp.*, 40 AD3d 305, 306 [1st Dept 2007]).

12 NYCRR 23-4.2 (k) is insufficiently specific to support a Labor Law § 241 (6) claim (*Sparendam v Lehr Constr. Corp.*, 24 AD3d 388, 389 [1st Dept 2005], *lv denied* 7 NY3d 703 [2006]), and 12 NYCRR 23-1.10 (b) (2), involving the use of hand tools, is inapplicable to the facts of this case.

Nevertheless, the motion court correctly sustained the Labor Law § 241 (6) claim predicated on 12 NYCRR 23-1.8 (a) and (c) (4), because plaintiff's evidence, including his deposition testimony, raises a question of fact as to whether plaintiff was provided with and used proper eye protection (*cf. Beshay v Eberhart L.P. #1*, 69 AD3d 779, 781 [2d Dept 2010] [the plaintiffs' counsel's admission that the plaintiff worker removed the protective eye gear before being struck by flying debris absolved the defendant of liability]). Concur—Tom, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.