Blake v Brookfield Props. One WFC Co., LLC (2020 NY Slip Op 00831)





Blake v Brookfield Props. One WFC Co., LLC


2020 NY Slip Op 00831


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


10952 162041/15

[*1] Steven Blake, Plaintiff-Appellant,
v
Brookfield Properties One WFC Co., LLC, et al., Defendants-Respondents, Creative Office Pavilion, Defendant.


Law Office of Neil R. Finkston, Great Neck (Neil R. Finkston of counsel), for appellant.
Brownell Partners, PLLC, New York (John P. Collins of counsel), for Brookfield Properties One WFC Co., LLC, The Clearing House Association, LLC and The Clearing House Payments Company, LLC, respondents.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Ian Marc Herman of counsel), for Holt Construction Corp., respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered September 4, 2018, which, to the extent appealed from as limited by the briefs, granted defendant Holt Construction Corp.'s and defendants Brookfield Properties One WFC, LLC, The Clearing House Association, LLC, and The Clearinghouse Payments Company, LLC's motions for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.
Even assuming that plaintiff's work installing office furniture in a newly renovated leased space involved "altering" the building's configuration or composition within the meaning of Labor Law § 240(1) (see Joblon v Solow, 91 NY2d 457, 465 [1998]), his claim that he was injured by an upper wall cabinet that broke free from the wall after having been permanently installed does not implicate the protections of Labor Law § 240(1). The cabinet neither was being hoisted or secured nor could be deemed an object that required securing for purposes of the undertaking at the time it fell (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662-663 [2014]; Cammon v City of New York, 21 AD3d 196, 200 [1st Dept 2005]). Further, contrary to plaintiff's expert opinion, anti-dislodgement screws do not constitute "safety devices" within the meaning of Labor Law § 240(1), because such screws are not "meant to function as a safety device in the same manner as those devices enumerated in section 240(1)" (Fabrizi, 22 NY3d at 663).
The Labor Law § 200 and common-law negligence claims were correctly dismissed because there is no evidence in the record that the installation of the office furniture was done other than in accordance with the direction and supervision of plaintiff's employer, and there is no evidence that defendants, the owner, lessee, and construction manager at the job site, had any authority or supervisory obligation over plaintiff's employer's work or that they actually exercised any authority or supervision over it (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; Mitchell v New York Univ., 12 AD3d 200 [1st Dept 2004]). Nor is there evidence that defendants either created or had actual or constructive notice of the dangerous condition presented by the faultily installed cabinet (see Bradley v HWA 1290 III LLC, 157 AD3d 627, 631 [1st Dept 2018], affd 32 NY3d 1010 [2018]).
The Industrial Code provisions on which the Labor Law § 241(6) claim is predicated [*2]pertain to safety devices (12 NYCRR 23-1.5) and working areas that are "normally exposed" to falling objects (12 NYCRR 23-1.7), and have no applicability to the instant facts.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK