Lopez v City of New York (2022 NY Slip Op 01271)





Lopez v City of New York


2022 NY Slip Op 01271


Decided on March 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 01, 2022

Before: Gische, J.P., Oing, Kennedy, Mendez, Shulman, JJ. 


Index No. 24932/13E Appeal No. 15402 Case No. 2021-02300 

[*1]Angel Lopez, Plaintiff-Respondent,
v
City of New York, et al., Defendants, Mega Contracting GP, LLC, et al., Defendants-Appellants. And a Third-Party Action.


Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for appellants.
Ronemus & Vilensky, LLP, Garden City (Lisa M. Comeau of counsel), for respondent.



Order, Supreme Court, Bronx County (Donald Miles, J.), entered February 3, 2021, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Mega Contracting GP, LLC and Lebanon West Farms Housing Development Fund Corporation for summary judgment dismissing the Labor Law § 241(6) claim as against them, unanimously affirmed, without costs.
Plaintiff was injured while he was helping one of his colleagues clear a blockage from a hose on an air compressor that was used to operate to a drill rig. A whip check — a safety device used to reduce the movement of an air hose in the event it became disconnected — was placed at the end of every hose connected to the air compressor, the end of another hose, or the drill rig. During the operation to dislodge the blockage, a whip check failed to perform its safety function and the hose recoiled, hitting plaintiff in the face.
Defendants, as the parties moving to dismiss plaintiff's Labor Law 241(6) claim, failed to meet their prima facie burden of showing that the whip check was not defective, as required by Industrial Code (12 NYCRR) § 23-1.5(c)(3), which provides that "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged" (see Sancino v Metropolitan Transp. Auth., 184 AD3d 534, 535 [1st Dept 2020]). Similarly, defendants failed to meet their burden of showing they had no notice of the defective whip check, as they submitted no evidence that they conducted a safety inspection of the whip check before the accident (see Viruet v Purvis Holdings LLC, 198 AD3d 587, 588 [1st Dept 2021]).
Although an employee generally cannot recover for injuries received while in the process of eliminating the cause of the injury (see Kowalsky v Conreco Co., 264 NY 125, 128 [1934]; Rodriguez v DRLD Dev., Corp., 109 AD3d 409, 410 [1st Dept 2013]), plaintiff was clearing a hose that became blocked during the course of a drilling project. Defendant has not shown that plaintiff was tasked with repairing the whip check, the
device required for the safe operation of the air compressor hoses. (see Prevost v One City Block LLC, 155 AD3d 531, 535 [1st Dept 2017]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 1, 2022