Mann v Mezuyon, LLC (2024 NY Slip Op 01764)

Mann v Mezuyon, LLC

2024 NY Slip Op 01764

Decided on March 28, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2024

Before: Manzanet-Daniels, J.P., Kapnick, González, Mendez, Pitt-Burke, JJ. 

Index No. 159185/16 Appeal No. 1932 Case No. 2023-03197 

[*1]William Mann, Plaintiff-Appellant,
v
Mezuyon, LLC, Defendant-Respondent, Breaking Solutions, Inc., Defendant.
Mezuyon, LLC, Third-Party Plaintiff-Respondent,
v
Mayrich Construction Corp., Third-Party Defendant-Respondent.

William Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for Mezuyon, LLC, respondent.
Law Offices of Kevin P. Westerman, Elmsford (Richard W. Ashnault of counsel), for Mayrich Construction Corp., respondent.

Order, Supreme Court, New York County (Richard Latin, J.), entered April 14, 2023, which, to the extent appealed from, granted third-party defendant Mayrich Construction Corp.'s motion for summary judgment dismissing plaintiff's claim pursuant to Labor Law § 241(6) predicated on Industrial Code (12 NYCRR) § 23-4.2(k), unanimously affirmed, without costs.
Plaintiff alleges that he was injured while working as a drill blaster at an excavation site when he was struck by an excavator machine. He asserts a Labor Law § 241(6) claim predicated on violation of Industrial Code § 23-4.2(k), which states that "[p]ersons shall not be suffered or permitted to work in any area where they may be struck or endangered by any excavation equipment or by any material being dislodged or falling from such equipment." This Court has previously held that Industrial Code § 23-4.2(k) is insufficiently specific to support a Labor Law § 241(6) claim (see Sparendam v Lehr Constr. Corp., 24 AD3d 388, 389 [1st Dept 2005], lv denied 7 NY3d 703 [2006]; Willis v Plaza Constr. Corp., 151 AD3d 568, 568 [1st Dept 2017]). The Third and Fourth Departments have also concurred with this Court (see Vicki v City of Niagara Falls, 215 AD3d 1285, 1289 [4th Dept 2023]; Mohamed v City of Watervliet, 106 AD3d 1244, 1247 [3rd Dept 2013]).
We decline to adopt the Second Department's view as set forth in Garcia v Silver Oak USA (298 AD2d 555 [2nd Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2024