| |
|:---:|
| **Losurdo v Tutor Perini Corp.** |
| 2026 NY Slip Op 30888(U) |
| March 9, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 151318/2021 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JAMES G. CLYNES** PART 39M

*Justice*

------------------------------------------------------------------------X

ERIK LOSURDO,

Plaintiff,

- v -

TUTOR PERINI CORPORATION, MTA - LONG ISLAND
RAILROAD

Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151318/2021 |
| MOTION DATE | 09/03/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 87, 88, 89, 90, 91,
92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 115, 116, 117, 118, 119, 120, 121, 122,
123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 134, 135, 136

were read on this motion to/for                  JUDGMENT - SUMMARY              .

Upon the foregoing documents, it is ordered that the defendants' motion and cross-motion by plaintiff are decided as follows.

## I.     INTRODUCTION

Plaintiff sues to recover damages for personal injuries he sustained June 16, 2020, when he fell into a hole in a railroad yard under construction while he was working on premises owned by defendant MTA – Long Island Railroad on a construction project in Long Island City for which defendant Tutor Perini Corporation was the general contractor. Plaintiff, an electrician employed by an electrical subcontractor on the project, nonparty Five Star Electric Corp., was standing a few feet from a hole that Tutor Perini had excavated and in which Five Star Electric or its subcontractor had planted two conduits. He was measuring wire to make an electrical connection, when the ground surrounding the hole gave way, causing him to fall with the collapsed ground into the hole.

Defendants jointly move for summary judgment dismissing plaintiff's claims that defendants violated New York Labor Law §§ 200, 240(1), and 241(6) and were negligent, causing his injury. C.P.L.R. § 3212(b). Plaintiff cross-moves for partial summary judgment on defendants' liability based on each of his claims. C.P.L.R. § 3212(b) and (e).

For the reasons explained below, the court grants defendants' motion to the extent of granting summary judgment dismissing plaintiff's claim that defendants violated Labor Law § 241(6), but otherwise denies their motion. C.P.L.R. § 3212(b) and (e). The court grants plaintiff's cross-motion for summary judgment on both defendants' liability for violation of

Labor Law § 240(1) and on Tutor Perini's liability for negligence and for violation of Labor Law § 200, but otherwise denies his cross-motion. C.P.L.R. § 3212(b) and (e).

## II.      SUMMARY JUDGMENT STANDARDS

To obtain summary judgment, the moving parties must present a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence eliminating all material issues of fact. Bill Birds, Inc. v. Stein Law Firm, P.C., 35 N.Y.3d 173, 179 (2020); Friends of Thayer Lake LLC v. Brown, 27 N.Y.3d 1039, 1043 (2016); Nomura Asset Capital Corp. v. Cadwalader, Wickersham & Taft LLP, 26 N.Y.3d 40, 49 (2015); Voss v. Netherlands Ins. Co., 22 N.Y.3d 728, 734 (2014). Only if the moving parties meet that initial burden, does the burden shift to the non-moving parties to rebut that prima facie showing, by producing evidence, in admissible form, sufficient to require a trial of material factual issues. Bill Birds, Inc. v. Stein Law Firm, P.C., 35 N.Y.3d at 179; De Lourdes Torres v. Jones, 26 N.Y.3d 742, 763 (2016); Nomura Asset Capital Corp. v. Cadwalader, Wickersham & Taft LLP, 26 N.Y.3d at 49; Morales v. D & A Food Serv., 10 N.Y.3d 911, 913 (2008). In evaluating the evidence for purposes of summary judgment, the court construes the evidence in the light most favorable to the non-moving parties. Stonehill Capital Mgt. LLC v. Bank of the W., 28 N.Y.3d 439, 448 (2016); De Lourdes Torres v. Jones, 26 N.Y.3d at 763; William J. Jenack Estate Appraisers & Auctioneers, Inc. v. Rabizedeh, 22 N.Y.3d 470, 475 (2013); Vega v. Restani Constr. Corp., 18 N.Y.3d 499, 503 (2012).

## III.     PLAINTIFF'S CLAIM BASED ON LABOR LAW § 240(1)

Labor Law § 240(1) requires that all owners and general contractors of structures:

in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

The statute imposes absolute liability on the owner and general contractor of a construction site if they fail to provide adequate protection against a gravity-related or elevation-related risk, and that failure is the proximate cause of plaintiff worker's injury. Nicometi v. Vineyards of Fredonia, LLC, 25 N.Y.3d 90, 97 (2015); Rivas v. Seward Park Hous. Corp., 219 A.D.3d 59, 63 (1st Dep't 2023); Hogan v. 590 Madison Ave., LLC, 194 A.D.3d 570, 571 (1st Dep't 2021); Milligan v. Tutor Perini Corp., 191 A.D.3d 437, 437 (1st Dep't 2021).

Plaintiff claims defendants are liable under Labor Law § 240(1) because they admittedly provided no safety device to protect him from the ground around the hole giving way and to protect him from falling into the hole. Defendants maintain that they did not violate the statute primarily because plaintiff's fall was not a gravity-related or elevation-related risk, since Tutor Perini's witness, its project executive Dennis McNerney, testified at his deposition that the hole was only two feet deep.

151318/2021   LOSURDO, ERIK vs. TUTOR PERINI CORPORATION ET AL                    Page 2 of 8
Motion No. 004

2 of 8

[* 2]

Defendants also suggest that plaintiff was the sole proximate cause of his fall and consequent injury, because he did not stand in the hole while performing his work or cover the hole after completing his work. No evidence, however, supports either contention. Plaintiff did not need to stand in the hole to measure wire or perform any other assigned work, nor was he instructed to do so. Demetrio v. Clune Constr. Co., 176 A.D. 621, 622 (1st Dep't 2019). Likewise, he had not completed his work around the hole when he fell, and, even if he had, he was not provided any instruction or material with which to cover the hole.

Plaintiff testified at his deposition that the hole was five feet deep, so the court assumes for purposes of defendants' motion that the difference in elevation between the top of the hole and its bottom was two to five feet, but for purposes of plaintiff's cross-motion that the difference was only two feet. An excavation that caves in, causing a construction worker outside the excavation to fall into it, is a gravity-related risk that subjects an owner and general contractor of a construction site to liability under Labor Law § 240(1), even if the excavation is only two or three feet deep, Haskins v. Metropolitan Transp. Auth., 227 A.D.3d 409, 409 (1st Dep't 2024); Demetrio v. Clune Constr. Co., 176 A.D. at 622, and only the worker's legs sink into it. Favaloro v. Port Auth. of N.Y. & N.J., 191 A.D.3d 524, 524-25 (1st Dep't 2021); Sunun v. Klein, 188 A.D.3d 507, 508-509 (1st Dep't 2020). No minimum height difference determines a gravity-related hazard. Palumbo v. Citigroup Technology, Inc., 240 A.D.3d 455, 456 (1st Dep't 2025); Haskins v. Metropolitan Transp. Auth., 227 A.D.3d at 409. Thus, "witnesses' varying estimates of the depth of the excavated trench [did] not present an issue of fact as to whether plaintiff's accident resulted from a significant elevation differential." McCormick v. DiPersia, 238 A.D.3d 562, 563 (1st Dep't 2025). See LaGrippo v. 95th & Third LLC, 237 A.D.3d 578, 579 (1st Dep't 2025); Demetrio v. Clune Constr. Co., 176 A.D. at 622. McNerney's testimony that the excavation was only two feet deep likewise does not defeat plaintiff's claim. McCormick v. DiPersia, 238 A.D.3d at 563. Even shorter distances may be physically significant. Palumbo v. Citigroup Technology, Inc., 240 A.D.3d at 456; LaGrippo v. 95th & Third LLC, 237 A.D.3d at 579; Mosquera v. TF Cornerstone Inc., 230 A.D.3d 1065, 1065 (1st Dep't 2024); Rivas v. Seward Park Hous. Corp., 219 A.D.3d at 64.

Moreover, the rocky material that Tutor Perini had excavated lay around the hole. When the ground around the hole collapsed under plaintiff, the material fell into the hole with him, filling the hole up to his shin and adding to the force of gravity on his body. Runner v. New York Stock Exch., 13 N.Y.3d 599, 601 (2009); Rivas v. Seward Park Hous. Corp., 219 A.D.3d at 64. Even if plaintiff's injury "did not involve the traversal of any elevation differential," the decisive question is "whether the harm flows directly from the application of the force of gravity." Runner v. New York Stock Exch., 13 N.Y.3d at 604. See Palumbo v. Citigroup Technology, Inc., 240 A.D.3d at 456; Braganca-Ferreira v. SREP 10th Ave. Venture LLC, 238 A.D.3d 656, 657 (1st Dep't 2025); Rivas v. Seward Park Hous. Corp., 219 A.D.3d at 64. The elevation difference was not de minimis particularly given the weight of the rocky soil that caught and felled plaintiff "and the amount of force it was capable of generating, even over the course of a relatively short descent." Runner v. New York Stock Exch., 13 N.Y.3d at 605. Defendants do not dispute that the perimeter of the excavation caved in due to the force of gravity. Rivas v. Seward Park Hous. Corp., 219 A.D.3d at 64.

151318/2021 LOSURDO, ERIK vs. TUTOR PERINI CORPORATION ET AL Page 3 of 8
Motion No. 004

3 of 8

[* 3]

Defendants admit that neither plaintiff nor anyone else was excavating the hole when he fell into it. The excavation was completed, so "braces" or "other devices" shoring up the surrounding ground or a guardrail around the hole would not have interfered with ongoing work. N.Y. Labor Law § 240(1); Rivas v. Seward Park Hous. Corp., 219 A.D.3d at 65. See McCormick v. DiPersia, 238 A.D.3d at 563; Mannino v. Waldorf Exteriors, LLC, 235 A.D.3d 470, 471 (1st Dep't 2025); Guzman-Sasquisili v. Harlem Urban Dev. Corp., 231 A.D.3d 685, 686 (1st Dep't 2024); Tejada-Rodriguez v. 76 Eleventh Ave. Prop. Owner LLC, 231 A.D.3d 419-20 (1st Dep't 2024). In fact, while the electricians may have needed access to the conduits in the hole, no evidence indicates why the hole could not have been filled in, since the conduits rose to the top of the hole. Defendants fail to present evidence disputing that safety devices or measures would have prevented plaintiff's injury. Sunun v. Klein, 188 A.D.3d at 509. Although a need to access the conduits may have precluded covering the hole completely, the risk here was no different than had plaintiff stepped on an insecure covering that gave way, causing one or both legs to fall into the hole, Broughton v. 553 Marcy Ave. Owners LLC, 238 A.D.3d 534, 536-37 (1st Dep't 2020); Devlin v. Aecom, 224 A.D.3d 437, 438 (1st Dep't 2024); Favaloro v. Port Auth. of N.Y & N.J., 191 A.D.3d at 524-25, or had he fallen off a scaffold or ladder that moved. Ruiz v. BOP 245 Park LLC, 231 A.D.3d 683, 684 (1st Dep't 2024). Yet the uncontroverted evidence establishes that defendants failed to provide him any safety devices to prevent his fall or any warning to stay clear of the unstable perimeter of the hole. Haskins v. Metropolitan Transp. Auth., 227 A.D.3d at 410; Sunun v. Klein, 188 A.D.3d at 509.

For all these reasons, plaintiff is entitled to summary judgment on defendants' liability for violation of Labor Law § 240(1), and defendants are not entitled to summary judgment dismissing his Labor Law § 240(1) claim. C.P.L.R. § 3212(b) and (e).

## IV.  PLAINTIFF'S CLAIM BASED ON LABOR LAW § 241(6)

Labor Law § 241(6) imposes absolute liability on the owner and general contractor of a constructions site for the negligent failure of any contractor, subcontractor, or its agent or employee on the site to ensure that "all areas in which construction, excavation or demolition work is being performed be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate safety and protection to persons employed therein." See St. Louis v. Town of N. Elba, 16 N.Y.3d 411, 413 (2011); Balbuena v. IDR Realty LLC, 6 N.Y.3d 338, 361 n.8 (2006); Nagel v. D & R Realty Corp., 99 N.Y.2d 98, 102 (2002). Defendants' supervision or control of the work or work site or their actual or constructive notice of a violation of this statutory duty is unnecessary to impose liability on defendants as long as a contractor, subcontractor, or its agent or employee on the site was negligent. Rizzuto v. L.A. Wenger Contr. Co., Inc., 91 N.Y.2d 343, 348-49 (1998). A violation of an applicable regulation under the statute that mandates compliance with a concrete specification establishes a violation of the statute. Id.; Ross v. Curtis-Palmer Hydro-Elec. Co., 81 N.Y.2d 494, 502-503 (1992).

Plaintiff claims violations of 12 N.Y.C.R.R. §§ 23-1.7(b)(1), 23-3.3(c), 23-4.1(b), and 23-4.2(a). Section 23-1.7(b)(1)(ii) requires that any hazardous opening into which a person may step or fall be guarded by a cover fastened in place or by a railing. Since plaintiff has not shown that access to the conduits in the hole was unnecessary, nor does he claim that defendants were required to cover it, he claims only that defendants were required to construct and install a safety

151318/2021   LOSURDO, ERIK vs. TUTOR PERINI CORPORATION ET AL
Page 4 of 8
Motion No. 004

4 of 8

railing around the hole. The regulation does not require, however, that the railing be installed at any minimum distance from the hole. As the hazard lay in the very ground that gave way around the hole, the court is at a loss to perceive how a railing around the hole would have protected the ground in which it was installed from sinking or collapsing, causing the railing to fall into the hole along with plaintiff. Although the term "safety railing" implies that it be safe, 12 N.Y.C.R.R. § 23-1.7(b)(1), it is not a concrete specification that the court may enforce by reading into the regulation a requirement that the railing be set back far enough from the hole to be on stable, secure ground.

12 N.Y.C.R.R. § 23-3.3(c) requires continuous inspections to detect loosened materials, weakened conditions and other hazards, but applies only to ongoing demolition by hand, and therefore is inapplicable to the completed excavation here. Section 23-4.1(b) prohibits permitting persons to enter an excavation that may expose them to a cave-in without adequate safeguards. Even were the court to construe this regulation to apply on the perimeter of an excavation, as well as in the excavation itself, plaintiff failed to plead a violation of § 23-4.1(b) in his complaint or bills of particulars. Therefore, he may not now rely on this regulation.

Finally, 12 N.Y.C.R.R. § 23-4.2(a) applies to excavations at least five feet deep with workers inside the excavation. Plaintiff may have raised a factual issue whether the excavation into which he fell was five feet deep, but admits he was not in it. This regulation is intended to protect workers in an excavation and is inapplicable to workers like plaintiff outside it.

In sum, each regulation on which plaintiff relies is either not pleaded, or would not have protected him, or is otherwise inapplicable to his circumstances. Therefore, defendants are entitled to summary judgment dismissing plaintiff's Labor Law § 241(6) claim, and plaintiff is not entitled to summary judgment on defendants' liability for violation of Labor Law § 241(6). C.P.L.R. § 3212(b) and (e).

## V.     PLAINTIFF'S CLAIMS BASED ON NEGLIGENCE AND LABOR LAW § 200

Where a hazardous condition on the construction site caused plaintiff's injury, plaintiff need show only that defendants caused or had actual or constructive notice of the condition and had sufficient control over the area to correct or warn of the condition. Defendants utterly fail to present a prima facie defense to plaintiff's negligence and Labor Law § 200 claims, because defendants demonstrate neither an absence of actual or constructive notice of a hazardous work site, Bradley v. NYU Langone Hosps., 223 A.D.3d 509, 510-11 (1st Dep't 2024); Simo v. City of New York, 205 A.D.3d 508, 509 (1st Dep't 2022); Padilla v. Touro Coll. Univ. Sys., 204 A.D.3d 415, 416 (1st Dep't 2022); Lopez v. City of New York, 203 A.D.3d 405, 405 (1st Dep't 2022), nor lack of control over the excavation of the hole that left loose material around the hole capable of sinking into it. Alberto v. DiSano Demolition Co., Inc., 194 A.D.3d 607, 609 (1st Dep't 2021); Lemache v. MIP One Wall St. Acquisition, LLC, 190 A.D.3d 422, 423 (1st Dep't 2021); Taylor v. Port Auth. of N.Y. & N.J., 176 A.D.3d 475, 476 (1st Dep't 2019). To the contrary, Tutor Perini created the dangerous condition that caused plaintiff's injury. Lindsay v. CG Maiden Member, LLC, 213 A.D.3d 604, 605 (1st Dep't 2023). McNerney testified further

151318/2021   LOSURDO, ERIK vs. TUTOR PERINI CORPORATION ET AL          Page 5 of 8
Motion No. 004

5 of 8

that he, the project superintendent, and three or four subordinate superintendents each exercised Tutor Perini's authority to walk through and inspect the construction site daily. Four Tutor Perini field engineers also were on the site daily and responsible for ensuring that any areas that required testing, such as for stability, were tested. Finally, Tutor Perini's safety manager was responsible for ensuring that the entire site was safe and in compliance with the regulations under the federal Occupational Safety and Health Act (OSHA). Therefore all these supervisory personnel surely observed the hole and the loose material around the hole and, had they inspected it closely, likely would have felt the unstable, insecure ground underfoot. Even if the instability was not palpable, as experienced construction site supervisors, they surely knew the hazards that a hole in that condition posed. Rizzuto v. L.A. Wenger Contr. Co., 91 N.Y.2d at 352-53; Lemache v. MIP One Wall St. Acquisition, LLC, 190 A.D.3d at 423-24; Matter of New York Asbestos Litig., 146 A.D.3d 461, 461-62 (1st Dep't 2017). Yet Tutor Perini allowed Five Star Electric's workers to work around the hole without any protection or warning.

The site owner MTA – Long Island's witness David Cannon was chief procurement officer and senior director of the MTA Construction and Development Company, incorporated and formed under the MTA, when plaintiff worked on the rail yard construction project. Cannon testified at his deposition that he visited the project occasionally and that the MTA contracted with a nonparty to supervise the construction site daily on MTA – Long Island Railroad's behalf. Cannon visited the project irregularly for meetings, to check its progress and to negotiate change orders, claims, or disputes. He admitted, however, that he did not know whether anyone else from MTA – Long Island Railroad visited the project more regularly. He did not recall ever observing the location of plaintiff's injury, but never testified that no one from MTA – Long Island Railroad ever observed that location or that the MTA's contractor did not report the hazardous condition around the hole to MTA-Long-Island Railroad. Nor does plaintiff present any other evidence of this defendant's presence at the construction site or its participation in excavating or leaving loose material around the hole into which he fell.

In sum, after Tutor Perini excavated the hole and left loose, rocky soil around the hole, defendants failed to shore up or compact the soil to prevent it from collapsing into the hole, carrying plaintiff, when Tutor Perini, if not MTA – Long Island Railroad as well, knew work was to be performed in the area. Defendants further failed to give any warning to stay a safe distance from the hole.

These failures violated federal OSHA regulations. Defendants' violations of federal regulations are not a basis for liability under Labor Law § 241(6), Alberto v. Di Sano Demolition Co., Inc., 194 A.D.3d at 608, but are evidence of their negligence that defendants have not rebutted. Ganci v. Port Auth. Trans-Hudson Corp., 258 A.D.2d 386, 386 (1st Dep't 1999); Gammons v. City of New York, 109 A.D.3d 189, 201-202 (2d Dep't 2013); Murdoch v. Niagara Falls Bridge Commn., 81 A.D.3d 1456, 1457 (4th Dep't 2011); Khan v. Bangla Motor & Body Shop, Inc., 27 A.D.3d 526, 528-29 (2d Dep't 2006). Although OSHA governs an employer's conduct toward its own employees, defendants are also liable under OSHA for their conduct that affected Five Star Electric's employees "engaged in a common undertaking" on the construction site. Barzaghi v. Maislin Transp., 115 A.D.2d 679, 684 (2d Dep't 1985); Flores v. Infrastructure Repair Serv., LLC, 52 Misc. 3d 664, 670 (Sup. Ct. N.Y. Co. 2015); Brennan v. Occupational Safety & Health Review Commn., 513 F.2d 1032, 1038 (2d Cir. 1975). See Universal Constr.

151318/2021   LOSURDO, ERIK vs. TUTOR PERINI CORPORATION ET AL                    Page 6 of 8
Motion No. 004

[* 6]                                                      6 of 8

Co., Inc. v. Occupational Health & Review Commn., 182 F.3d 726, 728 (10th Cir. 1999); United States v. Pitt-Des Moines, Inc., 168 F.3d 976, 982-83 (7th Cir. 1999). 29 U.S.C. § 654(a)(2) requires every employer to comply with the regulations under OSHA for the benefit of all employees on the work site, "even employees of another employer," Universal Constr. Co., Inc. v. Occupational Health & Review Commn., 182 F.3d at 728; "regardless of whom in a given workplace is threatened by non-compliance," United States v. Pitt-Des Moines, Inc., 168 F.3d at 982; and without limitation to instances where a violation of a regulation exposes the employer's own employees to a hazard. Flores v. Infrastructure Repair Serv., LLC, 52 Misc. 3d at 671; Brennan v. Occupational Safety & Health Review Commn., 513 F.2d at 1038.

Plaintiff shows that Five Star Electric's employees were engaged in a common undertaking with defendants on the construction project. Defendants do not contend to the contrary. Cannon testified that Five Star Electric was "part of the Tutor Perini Corporation family," either a subsidiary of or wholly owned by Tutor Perini. Aff. of David T. Kuk, Ex. K, NYSCEF Doc. 99, at 29. MTA-Long Island Railroad awarded Tutor Perini the contract for the project and reviewed all the subcontractors Tutor Perini hired, including Five Star Electric, which MTA-Long Island Railroad found technically qualified and responsible and accepted on the project. Therefore plaintiff may rely on defendants' violations of OSHA regulations to establish their breach of a duty of care to him.

Plaintiff claims violations of 29 C.F.R. §§ 1926.651(j)(2) and (k)(1) and (2) and 1926.652(a)(1). While defendants maintain no law requires that excavations less than six feet deep be guarded, the federal regulations on which plaintiff relies require other protections not provided here. Section 1926.651(j)(2) requires that excavated and other materials be kept at least two feet from the edge of an excavation or that retaining devices prevent such materials from falling into the excavation. Section 1926.651(k)(1) and (2) require a competent person's daily inspections of excavations and adjacent areas to check for potential cave-ins or other hazards and, if a competent person finds a potential cave-in or other hazard, that employees be removed from the hazardous area. Finally, § 1926.652(a)(1) requires that employees in an excavation be protected from cave-ins by a protective system such as shoring, shielding, benching, or sloping.

This final regulation, like 12 N.Y.C.R.R. § 23-4.2(a), applies to and is intended to protect employees inside an excavation, but is inapplicable to employees like plaintiff who admits he was not in an excavation. Tutor Perini, however, admits that it neither kept excavated or other materials at least two feet from the edge of the excavation, nor used retaining devices to prevent such materials from falling into the excavation where plaintiff fell, in violation of 29 C.F.R. § 1926.651(j)(2). The evidence further establishes that Tutor Perini either failed to conduct daily inspections by a competent person of the excavation and adjacent area to check for potential cave-ins or other hazards or that a competent person found a potential cave-in or other hazard, but Tutor Perini failed to remove employees from the hazardous area, in violation of 29 C.F.R. § 1926.651(k)(1) or (2). Defendants fail to show that the construction site owner, MTA-Long Island, did not commit the same violations, although plaintiff fails to show that it did.

Thus defendants are not entitled to summary judgment dismissing plaintiff's negligence and Labor Law § 200 claims. C.P.L.R. § 3212(b). Plaintiff, on the other hand, establishes Tutor Perini's negligence and liability under Labor Law § 200 and thus is entitled to summary

151318/2021 LOSURDO, ERIK vs. TUTOR PERINI CORPORATION ET AL Page 7 of 8
Motion No. 004

7 of 8

[* 7]

judgment on Tutor Perini's liability for negligence and violation of Labor Law § 200. C.P.L.R. § 3212(b) and (e). A factual issue remains whether the owner MTA – Long Island Railroad received actual or constructive notice of the hazardous hole or played any part in the excavation or maintenance of the area afterward, since neither side fully address this defendant's conduct in this regard. C.P.L.R. § 3212(b).

## VI.    CONCLUSION

For all the reasons explained above, the court grants defendants' motion for summary judgment to the extent of dismissing plaintiff's Labor Law § 241(6) claim, but otherwise denies defendants' motion. C.P.L.R. § 3212(b) and (e). The court also grants plaintiff's cross-motion for summary judgment on defendants' liability for violation of Labor Law § 240(1) and on defendant Tutor Perini Corporation's liability for negligence and violation of Labor Law § 200, but otherwise denies his cross-motion. C.P.L.R. § 3212(b) and (e). If plaintiff pursues the claim, a trial will determine MTA-Long Island Railroad's liability for negligence and violation of Labor Law § 200, as well as his damages due to defendants' violation of Labor Law § 240(1), Tutor Perini's negligence and violation of Labor Law § 200, and MTA-Long Island Railroad's liability for negligence and violation of Labor Law § 200, if any. Accordingly, it is

ORDERED that defendants' motion for summary judgment is granted only to the extent of that dismissing plaintiff's Labor Law § 241(6) claim, but is otherwise denied; and it its further

ORDERED that plaintiff's cross-motion for summary judgment is granted only to the extent that plaintiff is awarded summary judgment on defendants' liability for violation of Labor Law § 240(1) and on defendant Tutor Perini Corporation's liability for negligence and violation of Labor Law § 200 but is otherwise denied.

This constitutes the Decision and Order of the Court.

| _____3/9/2026_____ | | | | | |
| DATE | | | | _____ | |
| | | | | JAMES G. CLYNES, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**151318/2021   LOSURDO, ERIK vs. TUTOR PERINI CORPORATION ET AL**      Page 8 of 8
**Motion No.  004**

8 of 8