Veloso v City of New York

2026 NY Slip Op 02167

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Armindo Veloso et al., Plaintiffs-Appellants,

v

The City of New York et al., Defendants-Respondents.

Decided and Entered: April 09, 2026

Index No. 158128/20|Appeal No. 6324|Case No. 2024-07387|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellants.

Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered November 6, 2024, which granted defendants' motion for summary judgment dismissing plaintiffs' claims for negligence and violations of Labor Law §§ 200, 240(1), and 241(6), and denied plaintiffs' cross-motion for partial summary judgment on the Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.

Plaintiff was injured when he was hit by a rock while working in a trench. At the time of the injury, he was working on the excavation of the trench, in which utility lines were to be placed, and on shoring the sides of the trench.

Supreme Court properly granted summary judgment to defendants on the negligence and Labor Law § 200 claims. Plaintiff failed to submit any argument before Supreme Court in opposition to this branch of defendants' motion, and, in any event, his arguments on appeal fail to identify a triable issue (see e.g. FPG Maiden Lane, LLC v Bank Leumi USA, 237 AD3d 425, 426 [1st Dept 2025]). The record demonstrates that none of the defendants exercised direction or control of the injury producing work performed by plaintiff and his employer in connection with the excavation and shoring of the trench (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]; Lombardi v Stout, 80 NY2d 290, 295 [1992]). "General supervisory authority at a work site, the right to stop a contractor's work if a safety violation is observed, or the authority to ensure compliance with safety regulations or the terms of a contract is insufficient to impose liability" (Messina v City of New York, 147 AD3d 748, 749 [2d Dept 2017]; see Palumbo v Citigroup Tech., Inc., 240 AD3d 455, 457 [1st Dept 2025]). Additionally, the record demonstrates that defendants did not create or have actual or constructive notice of the dangerous condition (see Blake v Brookfield Props. One WFC Co., LLC, 180 AD3d 422, 423 [1st Dept 2020], lv dismissed & denied 35 NY3d 1059 [2020]).

Supreme Court properly granted defendants summary judgment on the Labor Law § 240(1) claim. Notwithstanding the fact that the collapse or cave-in of the side of a trench may evince a failure to provide adequate protection against "the risk arising from the physically significant elevation differential" (Rivas v Seward Park Hous. Corp., 219 AD3d 59, 64 [1st Dept 2023]), the injury in this case was not caused by such a risk. Unlike in Rivas, where the shoring on the side of a trench caved in, here the rock that rolled over plaintiff's ankle came from "the particular wall of the trench" that was actively being excavated (Rivas, 219 AD3d at 65). Because plaintiff testified that he was instructed at the beginning of his shift to "move the trench forward," securing the front wall of the trench in the very direction that work was progressing "would have been contrary to the objectives of the work plan" (see Salazar v Novalex Contr. Corp., 18 NY3d 134, 140 [2011]).

[*2]

Supreme Court also properly dismissed plaintiff's Labor Law § 241(6) claim. "[L]iability under the statute requires proof that a particular, nongeneral rule promulgated" by the Industrial Code has been violated (Griffin v Clinton Green S., LLC, 98 AD3d 41, 49 [1st Dept 2012]). Industrial Code (12 NYCRR) §§ 23-4.1(b) and 23-4.2(k) are not sufficiently specific for liability to attach (see Reyes v Astoria 31st St. Devs., LLC, 190 AD3d 872, 875 [2d Dept 2021] [12 NYCRR 23-4.1(b)]; Willis v Plaza Constr. Corp., 151 AD3d 568, 568 [1st Dept 2017] [12 NYCRR 23-4.2(k)]).

Industrial Code § 23-4.2(b) does not apply, as there were no sides or banks sloped back from the trench. To the extent plaintiff testified that the front side of the trench was sloped, this was the side that plaintiff's employer was extending.

The record demonstrates that Industrial Code §§ 23-4.2(a) and 4.4(a) were not violated. Plaintiff's employer had installed shoring along the sides of the trench, his employer's witness testified to having personally inspected the shoring at the start of plaintiff's shift, plaintiff himself was actively engaged in the installation of shoring at the time, the shoring was in contact with the sides or banks of the trench and did not give way or collapse, and, as noted above, the front of the trench was actively being expanded.

We have considered plaintiffs' remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026